UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-CV-81060-ROSENBERG/BRANNON

KIMBERLY HON,

    Plaintiff,

v.

KMART CORPORATION, a foreign
corporation, & JOHN DOE, individually,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

This cause is before the Court on Plaintiff's Motion to Remand [DE 8]. The Court, being fully advised in the premises, hereby finds as follows:

1. Plaintiff argues that this case should be remanded to state court because the Court does not have diversity jurisdiction. Plaintiff argues that the parties are not diverse and that the $75,000 amount-in-controversy requirement for diversity jurisdiction is not met in this case. *See* 28 U.S.C. § 1332.

2. With respect to the diversity of the parties, Plaintiff's argument is that Defendant John Doe is a citizen of Florida. "[T]he citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). The citizenship of Defendant John Doe must therefore be disregarded. *See Tynes v. Target Corp.*, No. 12-CV-24302, 2013 WL 1192355, at *1 (S.D. Fla. Mar. 22, 2013) (disregarding a John Doe defendant on a motion to remand). The parties agree that, except for John Doe, the parties in this case are diverse.

3. Plaintiff's sole remaining argument for remand is that the damages in this case do not exceed $75,000. *See* 28 U.S.C. § 1332(a).

4. In a pre-suit demand letter, Plaintiff demanded $300,000. DE 9-2.

5. In another pre-suit demand letter, Plaintiff demanded $500,000. DE 9-3.

6. The demand letters state that Plaintiff has suffered multiple herniated discs which required extensive surgery. *Id.*

7. Plaintiff demands damages for "pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money and aggravation of a pre-existing condition." DE 9-1.

8. Plaintiff has failed to provide any proof that damages in this case, in contrast to their pre-suit demand letters, will be less than $75,000. Plaintiff instead relies upon the argument that Defendants have not met their burden to prove damages in excess of $75,000.

9. When a pre-suit demand letter seeks damages in excess of $75,000, a plaintiff should provide proof to establish the value of his or her claim is less than $75,000—proof which disputes the pre-suit demand evidence that *is* in the record. *See AAA Abachman Enter., Inc. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 864-67 (11th Cir. 2008); *Wood v. Colson*, 2011 WL 3319537 (N.D. Fla. Aug. 2, 2011); *Lazo v. U.S. Airways, Inc.*, 2008 WL 3926430 (S.D. Fla. Aug. 21, 2008). Moreover, "Courts may use their judicial experience and common sense in determining whether the case stated in the complaint meets federal jurisdictional requirements." *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

10. In light of the evidence in the court file (that was ultimately supplied or created by Plaintiff) and in light of the Court's review of the allegations in the Complaint, the Court finds that the $75,000 requirement is met in this case.

11. In summary, the Court finds it does have diversity jurisdiction over this case and that the requirements of 28 U.S.C. § 1332 are satisfied.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [DE 8] is **DENIED**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 6th day of November, 2015.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record